ANDREW M. HILTON *v.* MARY HILTON.

[41 South. Rep., 262.]

HUSBAND AND WIFE. *Alimony.*

> A wife living away from her huband is not entitled to alimony, where she left him without cause and refused to return unless he send away a little girl, their adopted daughter, which he refused to do.

FROM the chancery court of Simpson county.

HON. JAMES L. McCASKILL, Chancellor.

Mrs. Hilton, the appellee, was the complainant in the court below; Hilton, the appellant, was defendant there. From a decree awarding complainant alimony the defendant appealed to the supreme court.

The complainant did not seek a divorce, and the only ground for permanent alimony charged in the bill was that the husband, without cause or excuse, abandoned his wife and refused to allow her to return to his home or make provision for her support.

The record shows a number of attempts at reconciliation; even at the trial in the court below the husband offered to allow his wife to return to his home; but she insisted and made a condition of her return that a little orphan girl whom they had adopted should be sent away by the husband. This the husband refused to do, and a reconciliation was not effected. The facts are further stated in the opinion of the court.

*Alexander & Alexander,* for appellant.

As to the law of the case, it is settled that the wife is not entitled to alimony where the separation was voluntary, or through her own fault, or in a case where the husband in good faith makes a continuing offer to receive her back. *Garland* v. *Garland,* 50 Miss., 694; *Dewees* v. *Dewees,* 55 Miss., 315; *Verner* v. *Verner,* 62 Miss., 260.

*Longino, Willing & Wilson,* for appellee.

That the separation was not voluntary, but amounted to a forceful abandonment and desertion, is amply shown in the testimony of Mrs. Hilton, her mother and her sister, together with the conduct of Mr. Hilton, both prior and subsequent to the separation. This is denied by Hilton and some of his witnesses, most of whom were impeached in several material matters. Hilton himself vainly attempted, in the presence of the court, to play the role of an injured innocent, but the chancellor had no difficulty in looking through the slight mist that he undertook to create, and in arriving at a just and fair estimate of the value of the testimony offered on both sides. Admit that the testimony was fairly conflicting on this point, still it is a well settled rule of this court that the finding of the chancellor will not be disturbed. We submit with confidence that the court will not disturb the decree upon the question as to whether or not the separation was voluntary or involuntary.

The decree should not be reversed, because appellant offered to take his wife back. We take it that no one would argue that

this offer should be accepted by the court, without regard to the motives which actuated it. It was within the province of the court to question the sincerity of the offer, and if the chancellor believed that the offer was insincere, or that it was made for the purpose of deluding and evading the process of the court, then it was unworthy of any consideration. The offer of Mr. Hilton was scrutinized closely by two different chancellors, who observed him personally, his every movement and expression, and they both regarded it as counterfeit.

Mrs. Hilton, as shown by the record, at all times expressed a willingness to return, but had a strong doubt as to his sincerity. She made every effort that she could have possibly made to bring about a reconciliation and to have conferences with her husband to that end, but none of these seemed to suit his convenience. Not until he was brought face to face with the chancellor and the direct questions were put to him, did he state that he was willing to take her home. The general air surrounding him, his expression, his general manner, were all closely observed by the chancellor and by Mrs. Hilton, and they did not feel inclined to give heed to his mere gabble of words. The appellee acted wisely and rightly in refusing the proposition, and the court below very properly refused to be led into the snare.

Argued orally by *C. H. Alexander,* for appellant, and by *R. P. Willing,* for appellee.

WHITFIELD, C. J., delivered the opinion of the court.

After a most critical and careful examination of the record in this case, we are constrained by the testimony to reverse the decree. We do not think that the evidence shows that the husband's offer to take back his wife was insincere, but rather that she separated from him without just cause, voluntarily, and refused to return. The testimony shows that the wife made one condition, and then another, and finally insisted, as the last and only condition, that the little girl, May, should be sent away by

the husband.    The evidence does not leave upon our minds a favorable impression as to the attitude of the wife in regard to returning to her husband.    There is no ground for divorce averred.    We do not care to go particularly and in detail into the testimony.    We trust this pair may yet be reconciled and live together in happiness, and for that reason forbear any further comment on the testimony.    Faults there were, doubtless, on both sides; but we find nothing in the record to warrant divorce or separation.    This pair should be living together, for all that has come and gone.    Each should be willing to make proper concessions as to what has happened in the past, that both may enjoy in the future the happiness resulting where each has learned the lesson of mutual forbearance.    See *Garland* v. *Garland,* 50 Miss., 694; 2 Am. & Eng. Ency. Law, 96, *et seq.*

*The decree is reversed, and bill dismissed.*