AMMONS *v.* AMMONS.[*]

(Division B. Oct. 25, 1926.)

[109 So. 795.  No. 25844.]

DIVORCE. *Complainant will not be entitled to divorce for cruelty provoked by her conduct.*

> In a divorce case, where cruelty is relied upon as a ground for divorce, the complainant will not be entitled to a divorce if she provoked the acts constituting the alleged cruelty by her own conduct.

---

[*]Corpus Juris-Cyc References: Divorce, 19CJ, p. 78, n. 54.

APPEAL from chancery court of Warren county.

HON. E. N. THOMAS, Chancellor.

Suit by Mrs. Lucile P. Ammons against W. T. Ammons for divorce. From a judgment for plaintiff, defendant appeals. Affirmed in part, and reversed in part.

*Brunini & Hirsch,* for appellant.

We submit that the wife in this case, under the facts as shown by this record, was not entitled to a divorce; that there was no habitual cruel and inhuman treatment; that this record shows that the wife was quarrelsome and disagreeable and not the husband; that when the husband got angry, he had cause; that this record shows that the wife was the one who would go for days without speaking; that it was the wife who did not show her husband proper consideration; that it was the husband who found it impossible to please the wife, no matter how hard he tried; that it was his wife who became unbearable; that it was the wife who became angry without justification or reason; that it was the wife who acted as if she were going to do violence to her husband; that the husband never threatened to shoot his wife; that it was only after the wife had threatened to leave and was preparing to leave that he told her to leave; and that this record shows that he was justified in saying so, and yet he went immediately to the home of the wife's mother and tried to get Mrs. Ammon to return.

Nothing satisfied her. He gave up his faith. He cooked and brought her breakfast to the bed. He brought his check home and let her use it as her best judgment dictated. He kept his promise never to drink. He worked at disagreeable hours. Many times he took his sister-in-law home after he came home from his day's work, between eleven and twelve o'clock.

The chancellor's decree tells the children that their father was "habitually cruel and inhuman" when the contrary was the case. There should be no such verdict

standing in any court against this father. That decree was not in accordance with the facts in this record and not in accordance with the utterances of this court and others.

Let us look briefly at the utterances of the court regarding what constitutes "habitual, cruel and inhuman treatment." 19 C. J., sec. 81; *Crutcher* v. *Crutcher,* 86 Miss. 231; Bishop on Marriage and Divorce (4 Ed.), pp. 116-17; *McNeill* v. *McNeill,* 125 Miss. 277; *Humber* v. *Humber;* 109 Miss. 216; *Fulton* v. *Fulton,* 36 Miss. 517.

In any event the court made an excessive allowance. It allowed fifty dollars per month, the husband earning an average of one hundred and forty dollars per month and the wife, herself, earning seventy-five dollars per month. It should not have been in excess of twenty-five dollars.

A contribution of twenty-five dollars per month is ample for the care of his children, aged three and six years, which he is willing to continue to pay even though his wife may never return to him.

*Robbins & Smith,* for appellee.

The facts shown in evidence constitute cruel and inhuman treatment under the decisions of our court. Counsel for appellant cite *McNeill* v. *McNeill,* 125 Miss. 277, for reversal. We find it remarkably similar to the case at bar and believe it fully sustains the ruling of the chancellor here. This case comes squarely within the rule as announced by Judge Cook in this McNeill case. We have here the threat of Ammons and the fear of the wife that he would put his threat into execution in one of his fits of anger. This condition of fear on the wife's part is shown by the fact that she removed his pistol beyond his reach; and, certainly, she could have had no other motive in hiding this pistol. She testified to his

violence on another occasion when he almost threw her down.

Despite the halo which counsel for appellant would place around his head, we submit that this threat to her, which he admitted having made—that if she did not leave, he would make it damn hot for her—was rather calculated to imbue Mrs. Ammons with the fear that he would do her violence. The record here presents a most unfortunate case of marital infelicity. Cases of this character are always unfortunate and excite our profoundest sympathy. The appellant, according to the testimony here, has brought upon himself this deplorable situation and must face the consequences, grave though they be.

Counsel complain also of the award of fifty dollars per month for the support of the two children of appellant as being excessive. The chancellor fixed this amount with full knowledge of the facts in this case and this court will not reduce this amount unless the chancellor's ruling is manifestly wrong. The father is making one hundred and seventy-five dollars per month, and is amply able to contribute this amount to the support of his children. The court will observe that he is not contributing one cent to the support of his wife, the appellee.

Complainant was entitled to the relief prayed for and the decree of the chancellor both as to the granting of the divorce and the award of support for the children is correct, and this case should be affirmed.

Argued orally by *John Brunini,* for appellant, and *N. Vick Robbins,* for appellee.

ETHRIDGE, J., delivered the opinion of the court.

The appellee was complainant in the court below, and filed a suit against the appellant, her husband, for divorce, and for support of their two minor children. The bill

alleged "cruel and inhuman treatment" as the cause for divorce, and the chancellor, after hearing the proof, granted the appellee a divorce, the custody of the children, and fifty dollars per month alimony.

In cases of divorce, the complainant must not only establish grounds for the divorce, but must be free from provoking the defendant into the acts which constitute the alleged grounds for divorce. In 7 Enc. of Pl. and Pr., at page 95, it is said:

"*Where Desertion is the Ground Set Up.*—The defendant may set up any misconduct of plaintiff which justified the separation, or that the separation continued with the consent or acquiescence of the plaintiff, or that defendant offered to return and plaintiff refused the offer, or that the period of desertion was not continuous."

"*Where Plaintiff Alleges Cruelty.*—Where the plaintiff alleges cruelty as a ground for divorce the defendant may plead that the plaintiff provoked the misconduct, or that the defendant is repentant and will reform, or that the injury was not intended and will not be repeated."

It will thus be seen that a plaintiff cannot bring about a situation and then take advantage of its result to secure a divorce. In 7th Am. Enc. of Pl. & Pr. 88, it is said:

"The defendant in a divorce suit is concluded by his pleadings as in other actions, and cannot prove a defense which has not been alleged. . . . But there is a maxim concerning all suits for divorce that 'a cause is never concluded against a judge.' It is the duty of the court to refuse a divorce in all cases where the evidence discloses, or the court discovers on its examination of the witnesses, that the plaintiff is not entitled to a divorce, whether the defense is alleged in the pleadings or not."

We think it best not to set up the testimony involved in the record. But after a most painstaking and thorough examination and consideration of the whole record, we think the plaintiff has failed to establish her right to

a divorce, and that the unpleasantness which existed between her and her husband was 'largely due to her own conduct and attitude. In other words, that she materially contributed to bringing about the status on which she relies to obtain a divorce.

The case, on its facts, is not as strong as the case made for the complainant in *Humber* v. *Humber*, 109 Miss. 216, 68 So. 161, although there is much analogy between the two cases.

It follows from what we have said that the chancellor in the court below erred in granting the decree for divorce.

On the question of alimony for the support of the children, we think the decree of the court was reasonable and proper, and, so long as the children are in the custody of the complainant below, this allowance will stand. In all other respects the decree of the court below is reversed, and a decree will be entered here denying the divorce.

*Affirmed in part, and reversed in part.*