## COFFEE *v.* COFFEE.*

### ON SUGGESTION OF ERROR.

(Division B. Jan. 17, 1927. Suggestion of Error Overruled Feb. 14, 1927.)

[111 So. 377. No. 26128.]

DIVORCE. *Husband and wife. Wife, who without fault of husband refuses to live with him, is not entitled to alimony; right of wife to support carries with it reciprocal duties.*

> A wife, who without fault on the part of her husband refuses to live with him, is not entitled to alimony. The right to support carries with it reciprocal duties.

*Corpus Juris-Cyc. References: Divorce, 19CJ, p. 259, n. 86 New.

APPEAL from chancery court of Pearl River county. HON. T. P. DALE, Chancellor.

Suit by Lethea Mae Coffee against Wilkie Coffee for divorce. From a judgment granting defendant a divorce on his cross-bill, complainant appeals. Judgment affirmed, and suggestion of error overruled.

*John A. Yeager,* for appellant.

By a casual observance of the record in this cause it will be seen that the chancellor based his decree upon the "old common-law theory of the superiority of the husband and the subordination of the wife." "Alimony is a vested right on a proper case being made out. It arises out of the marriage contract to maintain the wife; together, if they live happily; separate, if unhappy circumstances should separate them without criminality on the part of the wife." 1 Bl. Com. 441; 2 Bl. Com. 302.

In America a broader jurisdiction in cases of alimony has been asserted in some of our courts of equity.  See *Garland* v. *Garland,* 50 Miss. 694.  "Persistently cruel and inhuman treatment, occasionally characterized by personal violence, so as to beget the apprehension that it will occur again whenever fury impels the offender, under Code of 1871, section 1767, is cause for a divorce from the bonds of matrimony."  *Johns* v. *Johns,* 57 Miss. 530.

"After a statute has been settled by judicial construction, the construction becomes as much a part of the statute as the text itself."  *Douglass* v. *Pike,* 101 U. S. 687.  The husband has the duty to support his wife and family; and part of this duty is to provide shelter. This is not only a private duty, but a public duty.  *Miles* v. *Miles* (Ala.), 99 So. 187.; *Clisby* v. *Clisby,* 49 So. 445; *Ortman* v. *Ortman,* 82 So. 417.

*Currie & Currie,* for appellee.

The court found that the appellant was not entitled to a divorce and dismissed her bill; the chancellor found that appellee was entitled to a divorce on the grounds charged in his cross-bill and granted the decree of divorce; the chancellor found that appellant was not entitled to alimony and decreed accordingly.  The question of alimony is governed solely by a statute in Mississippi, section 1415, Hemingway's Code (section 1673, Code of 1906), which provides that when a divorce shall be decreed from the bonds of matrimony, the court may, in its discretion, having regard to the circumstances of the parties and the nature of the case, *as may seem equitable and just,* make all orders touching the care, custody, and maintenance of the children of the marriage, and also touching the maintenance and alimony of the wife.  See *Winkler* v. *Winkler,* 104 Miss. 1, 61 So. 1.

The testimony in this case preponderates overwhelmingly in favor of the appellee, Mr. Coffee, and the chan-

cellor was correct in his finding as to the facts. The court followed both the law and the evidence in the case, and this court should not disturb the chancellor's decree.

## On Suggestion of Error.

Etheridge, J., delivered the opinion of the court.

This cause was affirmed on a former day without opinion, and suggestion of error has been filed, challenging the correctness of that decision, and praying for a written opinion.

This case deals with one of those unfortunate phases of life which tend to show that all marriages are not made in heaven, even though they may be blessed by the priest or minister performing the ceremony.

The appellant filed a bill for divorce against her husband, the appellee, and her bill and proof tended to show that her husband was not the prince charming that husbands are painted in maiden fancy.; that soon after the marriage the husband began to develop caveman tendencies, maltreating his wife, and spending his time in riotous living. Among other vices claimed by the wife to be possessed by her husband, was a fondness for the society of wild women, upon whom he wasted his earnings; that finally, while in a violent rage, he drove her from his home in the middle of the night and while a severe storm was raging. Wherefore she prayed for a divorce with alimony. The husband, answering, denied the allegations of the bill, setting up in a cross-bill that his wife was not the harmonious blending of angel and animal that makes ideal wives, but that she was petulant, violent, and disagreeable, and that she abused him in various ways; that the pet name visited upon him by his wife was a well-known epithet, placing his near ancestors in the canine family; that she would take violent fits of anger, at which times she would make his home an unpleasant place to live in; that she would refuse to

keep house and do his cooking, and that he had to procure his meals from a restaurant much of the time, which he was unable to do on the wages he commanded; that, instead of his home being a bower of bliss, purple with the halo of romance, it was anything but a pleasure resort. He, however, professed a willingness to forgive his wife, take her back into his home, and support her, on condition that she would treat him with consideration and kindness, and make the home what it should be. He denied all the charges made by the appellant against him.

The chancellor heard the evidence, and, inasmuch as the wife refused the proposition of reconciliation, denied the wife a divorce, but granted a divorce to the husband. The chancellor had the witnesses before him, and had the advantage of judging from their personal appearance and other things that may be considered as the atmosphere of the case, and we do not feel that we are warranted by the record to reverse his findings.

A wife is generally not entitled to alimony, where divorce is granted to her husband under circumstances showing that the separation was brought about by her acts and conduct. A husband is entitled to have his wife receive her support in his home while discharging the duties and obligations imposed upon her by the marriage contract; without fault on the part of the husband, she is not entitled to receive support elsewhere. Consequently, the suggestion of error must be overruled.

*Overruled.*