LANHAM v. LANHAM.

(Division B. June 7, 1943.)

[14 So. (2d) 215. No. 35406.]

W. B. Miller and Dan C. Brewer, both of Clarksdale, for appellant.

874

Holcomb & Curtis and W. W. Venable, all of Clarksdale, for appellee.

Argued orally by **Dan C. Brewer**, for appellant.

**Anderson, P. J.,** delivered the opinion of the court.

Appellant and appellee were man and wife. The wife filed a bill against her husband in the chancery court of Coahoma County for divorce and alimony, temporary and permanent. The ground for divorce was habitual drunkenness and cruel and inhuman treatment. At the return term of the court a trial was had resulting in a decree for divorce and fixing the wife's alimony.

Approximately two months from the entry of the decree the wife filed a bill in this case, seeking to have the court make radical changes in the first decree. The bill was filed and process was made returnable in vacation and the cause was heard and decree entered in vacation over the husband's objection. The question for decision, and the only question, is whether or not the chancellor had the right under the law to hear and dispose of the cause in vacation without the consent of the husband. The husband and wife owned a homestead and about one hundred acres of land as tenants in common. In addition the husband owned a one-half interest in the capital stock of the insurance corporation of Boyle & Lanham,

and was earning an annual salary of approximately $2,400 for his services as rural mail carrier. He had $15,000 life insurance. The decree as to alimony was agreed on. In substance it provided that the husband should pay the wife monthly $75, and that she should have the use of the home until sold. She was given the custody of their minor children, a son eight years of age and a daughter six years of age, with the right of the father to visit them with the consent of the mother under the latter's supervision, "the children not to be removed from the State without reasonable notice and order of the court"; the husband was to pay all taxes and the mortgage indebtedness on the property owned by them with the right of the wife to rent out the home and have the revenue therefrom until it should be sold or abandoned as a home; the husband was to keep in order and have the revenue and profits from the one hundred acres of land jointly owned by them; he was to keep in force his life insurance of $15,000; and it provided that he should pay the $150 fee of his wife's solicitor. There were other provisions in the decree unnecessary to mention.

In the vacation decree among the material changes made in the original decree were the following: The allowance was increased from $75 to $125 per month while the wife remained in the home and if she removed therefrom he was to pay her $175 per month; she was given the right to remove the children from the State of Mississippi without notice to her husband or further order of the court; the decree further adjudged that she was owner of certain household furniture and an automobile which was not referred to in the original decree. The first decree had this provision: "It is further ordered, adjudged and decreed that the Court reserves the right to alter, modify or change the above decree with reference to alimony and property settlement and custody and control of the children upon five days notice to either party and by proper showing by either party of a good and valid reason for such alteration, modification or change."

In deciding this question the statutes to have in view are Sections 320, 1420 and 1421 of the Code of 1930. Section 320 provides, among other things, that by the consent of the parties or of their solicitors of record the chancellor may try causes and deliver opinions and make and sign decrees in vacation.

Section 1420 is in this language: "The proceedings to obtain a divorce shall not be heard or considered nor a decree of divorce entered except in open court at a regular or special term of the court, save in cases heard in term time and taken under advisement. Any decree made or entered contrary to the provisions of this section shall be null and void. Nothing herein shall be construed as limiting the right of the chancellor in vacation to dismiss such proceedings upon the application of the complainant or by agreement of the parties; provided, however, that the chancellor in vacation may, upon reasonable notice, in urgent and necessitous cases, hear petition for temporary alimony and temporary custody of children and make all proper orders and decrees thereon."

Section 1421 provides, among other things, that the court may in its discretion make all orders touching the care, custody and maintenance of the children of the marriage and the maintenance and alimony of the wife, or any other allowance that should be made to her, and "afterwards, on petition, change the decree, and make from time to time such new decrees as the case may require."

It is manifest that the decree appealed from does not come within the last clause of Section 1420, which provides that the chancellor may in vacation on notice "in urgent and necessitous cases, hear petitions for temporary alimony and temporary custody of children and make all proper orders and decrees thereon." This decree deals with the rights of the parties not only with reference to alimony but in addition to the custody and care of the children and the rights of the parties as to the real estate and insurance.

Nor did the original decree providing that changes might be made therein with reference to alimony and property rights and custody of the children on five days' notice, authorize the vacation hearing and decree appealed from. The provision therein of five days' notice was mere surplusage unnecessary in the absence of a provision that the hearing might take place in vacation. In other words, to authorize the vacation proceeding it was necessary for the original decree to expressly so state.

Reversed and remanded.