KING *v.* KING

No. 42618       May 6, 1963       152 So. 2d 889

*W. W. Brown,* Calhoun City, for appellant.

*Paul M. Moore,* Calhoun City, for appellee.

ETHRIDGE, J.

This suit for separate maintenance and support was brought by Mrs. Lida King, in the Chancery Court of Calhoun County, against her husband, Robert King, the appellant. Only separate maintenance was sought. The husband filed no cross-bill, but denied allegations of the bill of complaint charging him with adultery, desertion, and habitual cruel and inhuman treatment. After a lengthy hearing, the trial court awarded the wife separate maintenance of $80 per month, and her attorney's fees. This appeal from that decree is without supersedeas.

Mrs. King was fifty-three and her husband fifty-seven years of age. They were married in 1924, and their children are grown and married. She left King on October 10, 1961. The immediate cause of the separation was a ''fight'' which took place that morning before King left for his job with a lumber company, where he had been employed for twenty-four years. Mrs. King said that, while she was cooking breakfast, she heard her husband and his mother talking, and asked what they were talking about. She contended they were discussing her coming in late the preceding evening. Robert called her a liar, cursed, and ''he hit me and knocked me back in the kitchen, and when he did that, I picked up a meat fork and started back in there, and he hit me and knocked me back again.'' She said these two licks left bruises on the left side of her face. She immediately left and went to her son's home, and did not return. King asserted that his wife cursed and hit

him on the head with a newspaper, that he then slapped her, she grabbed a meat fork and "made a pass at me with it;" that she hit him first, and he slapped her lightly.

For a number of years Mrs. King accused her husband of infidelities, particularly with an unmarried woman who lived across the street. She virtually admits this. The evidence fails to show that appellant was guilty of an adulterous relationship with anyone. See Hulett v. Hulett, 152 Miss. 476, 119 So. 581 (1928). The record reflects incompatibility and mutual faults, but no grounds for separate maintenance.

The chancellor's decree stated generally that complainant had "sustained the allegations of her original bill." However, this general adjudication must be considered in the light of the testimony, and the chancellor's detailed comments on it. He observed that Mrs. King had not been in good health for sometime, apparently because of the effects of the menopause. He made no finding that defendant had been guilty of such habitual cruel and inhuman treatment of his wife as to require her to leave their domicile, or that he had deserted her. It is undisputed that up to the time she left their home in October 1961, defendant was supporting her, although she was not satisfied with the amount of money she received. The chancellor apparently thought both parties were at fault.

(Hn 1) The chancery court based its award of separate maintenance and support to the wife on the rule of the Winkler case, most recently applied in Shows v. Shows, 241 Miss. 716, 133 So. 2d 294 (1961). Winkler v. Winkler, 104 Miss. 1, 61 So. 1 (1913); Hibner v. Hibner, 217 Miss. 611, 64 So. 2d 756 (1953); Carraway v. Carraway, 212 Miss. 857, 56 So. 2d 41 (1952); Yelverton v. Yelverton, 200 Miss. 569, 28 So. 2d 176 (1946); Bunkley and Morse's Amis, Divorce and Separation in Mississippi (1957), Sec. 6.04. Under that rule, a chancery court

may in proper circumstances decree alimony to a wife, although the husband is granted a divorce. Whether she was the guilty party is an element in determining whether she should be awarded alimony, but it is not conclusive. If she was at fault, still the marriage is terminated by divorce, and it may be just, where her husband is able, and she is poor or weak, that she should be awarded alimony, and not be turned out on the world without any means of livelihood.

We do not think the Winkler rule is applicable to a suit for separate maintenance. A decree for separate maintenance does not end the marriage. It in effect commands the husband to resume cohabitation with his wife, or in default thereof, to provide for her suitable maintenance until there may be a reconciliation. The husband is entitled to have his wife receive her support in his home, while she is discharging the duties and obligations imposed upon her by the marriage contract. Boyett v. Boyett, 152 Miss. 201, 119 So. 299 (1928); Bunkley and Morse, Sec. 7.01; see Coffee v. Coffee, 145 Miss. 872, 111 So. 377 (1927).

Under *Winkler,* allowing in some cases alimony to the wife, even though the husband obtained the divorce, the marriage contract is dissolved. The right to alimony is controlled generally by statute. Miss. Code 1942, Rec., Sec. 2743. The parties cannot again live together, since their marriage is ended. *Winkler* presupposes dissolution of the marriage.

On the other hand, separate maintenance assumes the contrary, the continuation of the marriage and a chancery decree compelling the husband to support the wife, where she is separated through his fault, until he shall restore her to his bed and board. Bunkley and Morse, Sec. 7.00. A requirement that the husband support his wife by separate maintenance, when the marriage is still subsisting, not dissolved, and when the separation is not primarily the fault of the husband, but was material-

ly caused by the wife, would completely frustrate a basic principle of the law and of the family, which is the basis of our society; namely, that a wife should live with her husband and be supported by him in their marital domicile, unless he has forfeited that right by his own misconduct. If the marriage is dissolved by divorce, this factor of cohabitation does not exist, and *Winkler* may be applicable. Hence the chancery court erred in awarding separate maintenance on the sole basis of an assumed analogy to the Winkler rule in divorce cases.

(Hn 2) We have examined the evidence carefully, and conclude that complainant did not meet her burden of proof of showing that her separation from her husband was caused by his habitual cruel and inhuman treatment of her, or that he deserted her. (Hn 3) A suit for separate maintenance is one of an equitable nature, and fault of the wife equal to or greater than that of the husband, which materially contributes to a separation of the spouses, is a good defense to the suit. 27 Am. Jur., Husband and Wife, Sec. 408; see 42 C. J. S., Husband and Wife, Sec. 611. Garland v. Garland, 50 Miss. 694, 714-716 (1874), the leading case in this state, recognized that the separation must not be materially caused by fault of the wife. To the same effect is Keezer on Marriage and Divorce (3d ed. by Marland, 1946), Sec. 279. Cf. Anno., 74 A. L. R. 2d 316 (1960); Anno., 141 A. L. R. 399 (1942) (jurisdiction for independent suit).

There is a full discussion of the subject in Annotation, Defenses Available to Husband in Civil Suit by Wife for Support, 10 A. L. R. 2d 466 (1950). The following rule (10 A. L. R. 2d at 479) is applicable to the facts in this case:

"While the law does not require a wife who leaves her husband to be blameless, misconduct on her part which materially contributes to the separation, so that it may be said that the fault of the wife is equal to or

greater than that of the husband, or that his fault was not sufficient to justify her leaving the domicile, is a defense to her suit for separate maintenance." See Hilton v. Hilton, 88 Miss. 529, 41 So. 262 (1906).

(Hn 4) Here the separation was attributable substantially to Mrs. King. Her fault was at least equal to or greater than that of her husband. Her own testimony shows that over a number of years she constantly accused him of infidelities, which are unsubstantiated, and appear to be rather farfetched. She admitted that he and she often exchanged profanities. The single incident of October 1961, when defendant hit her, was not, standing alone, or in conjunction with other testimony, sufficient in equity to warrant her leaving him. 17 Am. Jur., Divorce and Separation, Sec. 54. Moreover, complainant assisted substantially in provoking King into his acts on that occasion. See Ammons v. Ammons, 144 Miss. 314, 109 So. 795 (1926).

Nor was there shown any "constructive" desertion of the wife which would support the relief sought. The prerequisites for desertion are separation without fault on the wife's part, and willful abandonment of her by her husband with refusal to support her. Etheridge v. Webb, 210 Miss. 729, 743, 50 So. 2d 603 (1951). Appellee herself materially contributed to the separation. She left appellant, although he had not refused to support her. For related cases denying separate maintenance, see Boyett v. Boyett, 152 Miss. 201, 119 So. 299 (1928); Coffee v. Coffee, 145 Miss. 872, 111 So. 377 (1927); Duvall v. Duvall, 224 Miss. 546, 80 So. 2d 752, 81 So. 2d 695 (1955); Brown v. Brown, 237 Miss. 53, 112 So. 2d 556 (1959).

In Long v. Long, 160 Miss. 492, 135 So. 204 (1931), reversing a decree and dismissing a bill for divorce, the Court, commenting on the husband's allegations of cruel and inhuman treatment, said the evidence reflected that the "honors are even" between the parties; that each

was "as much of an offender as the other, the acts of each being usually provoked by acts and words of the other. Where such is the case, neither party is entitled to" relief. These observations are pertinent here.

In summary, this record reflects that misconduct and faults on complainant's part materially contributed to her separation from her husband. Certainly her fault was equal to or greater than that of defendant. She failed to show desertion or habitual cruel and inhuman treatment of her by him. In their absence, she was not entitled to separate maintenance. Nor does the Winkler rule apply. It is pertinent only in divorce cases, where the marriage is terminated, and, even in such instances, under very restricted circumstances.

For these reasons, the decree of the chancery court is reversed, and judgment is rendered here for appellant, dismissing with prejudice appellee's bill of complaint.

Reversed and judgment rendered for appellant.

*Lee, P. J., and Kyle, Gillespie and Jones, JJ.,* concur.