215 So.2d 869 (1968)
Jo Anne STRIBLING, Complainant/Appellant,
v.
Carl William STRIBLING, Defendant/Appellee.
No. 45063.
Supreme Court of Mississippi.
November 25, 1968.
Rehearing Denied December 9, 1968.
Prewitt, Bullard, Braddock & Vance, Vicksburg, for complainant-appellant.
Dent, Ward, Martin & Terry, Vicksburg, for defendant-appellee.
PATTERSON, Justice:
This is an appeal from the Chancery Court of Warren County, Special Chancellor, Ernest Kellner, presiding. The appellant, Jo Anne Stribling, originally filed a petition for a divorce against Carl Stribling, appellee, charging as grounds for divorce habitual cruel and inhuman treatment on his part. She prayed for a divorce, custody of the two children of the marriage, division of certain property, lump sum alimony, child support, and attorney's fees.
The defendant in his answer denied the allegations of habitual cruel and inhuman *870 treatment. He specifically pled the doctrine of recrimination as a defense against the charge of habitual cruel and inhuman treatment and filed a cross bill wherein he prayed for the custody of the children in the event his wife was awarded a divorce. In support of the doctrine of recrimination the appellee specifically averred that his wife was constantly in the company of another man and that their relationship was adulterous and also constituted cruel and inhuman treatment.
The complainant answered the charge of recrimination by denying adultery and further answered by averring that if any misconduct on her part could be inferred, then the same was condoned by the appellee when he resumed cohabitation with knowledge of such conduct on the part of his wife.
After an extensive hearing, the chancellor found from the evidence that the complainant was not entitled to a divorce upon the grounds charged. It was his opinion that the proof fell short of that required to prove adultery, but did rise to the dignity of "showing the charge thereof not to be groundless, and therefore, under the authorities, cruel and inhuman." He then found that the charges incorporated in the recrimination plea against the wife were condoned by the defendant.
A decree was entered denying the divorce, granting custody of the children to the mother, awarding a specific amount for the support of the children to be paid by the father, establishing property rights, and attorney's fees. The complainant appeals from this decree and assigns as error that the findings of fact of the chancellor were manifestly wrong and the denial of a divorce based thereon under the applicable law was erroneous.
We have reviewed the evidence in detail. It portrays a turbulent marital relationship which began on October 22, 1960, and which ended in separation on May 23, 1967. During the course of this marriage the evidence reflects that on several occasions the defendant committed acts of physical violence upon his wife, one such episode resulting in medical treatment requiring stitches to be taken in the appellant's nose. Another episode resulted in one of appellant's eyes being permanently damaged. There were also clear acts of misconduct on the part of the wife which the lower court opined were "cruel and inhuman," but which this Court can only conclude was adultery. Nevertheless, the misconduct on the part of the wife, whether it be adultery or specific acts of cruel and inhuman treatment, was condoned by the husband by resumption of cohabitation with her. Simultaneous with the condonation by the husband of the misconduct of the wife the court could have, and evidently did, find that the complainant, in asking her husband for forgiveness and to resume their marriage for the sake of their children, also condoned the specific acts of physical violence visited upon her by the husband. In any event we are unable to say that the chancellor was manifestly wrong in his findings of fact and conclusions of law and therefore, they will not be disturbed here. Ellis v. Ellis, 248 Miss. 483, 160 So.2d 904 (1964), and the numerous cases therein cited.
The lower court recognized in its opinion that "* * * it is probably, and possibly, leaving an intolerable situation, in that it is leaving married two people, one of whom wants a divorce and one of whom does not. Still again, without being facetious in the least, the Court knows of no reason or no requirement for it to be a magician. That is to say, while the Court has the power under proper circumstances to deny a divorce, it does not have the power to require that these parties resume the relationship of husband and wife." With this statement we agree, and we also are aware of no rule whereby the courts have the power to restore that which the individuals have torn away. In Latham *871 v. Latham, 223 Miss. 263, 276, 78 So.2d 147, 153 (1955), we stated:
But no court has the power, and no judge the wisdom, to make a decree in a case such as this that would be sufficient to erase the wages of human error.
We are of the opinion the assignment of error is not well taken and the case should be affirmed.
Affirmed.
GILLESPIE, P.J., and RODGERS, SMITH, and ROBERTSON, JJ., concur.