SMITH, Justice:
This appeal involves a facet of the separate maintenance suit brought by appellee, Mrs. Alma Van Hook Cox, against her husband, appellant Frederick Gardiner Cox, Jr., the principal issue which was dealt with by this Court on June 12, 1973, in an opinion handed down in Cause No. 47,141 on the docket of this Court, 279 So.2d 612.
It appears from the record on the appeal here that Frederick Gardiner Cox, Jr., declined to pay the amounts decreed against him as separate support and, at the time of the hearing, was in default in the total sum of $3,237.02.
Upon the conclusion of the hearing of contempt proceedings brought by Mrs. Cox to enforce payment, the chancellor, in the course of his opinion, said: “It will not be the purpose of the Court at this hearing to consider the charge of criminal contempt or to punish for criminal contempt.
From this, and from the provisions of the decree, it is clear that Cox was adjudged to be in civil (rather than criminal) contempt, and that his imprisonment was not in the nature of a sentence or punishment, (as in criminal contempt), but was to continue only so long as he failed to pay the amount which had been decreed against him, the decree reciting specifically that Cox was “to remain (in jail) until the full amount of $3,237.02 ... is fully paid.”
This Court, in disposing of the appeal upon the principal issue referred to above, held that Cox was not liable for the separate support of his wife and that the chancellor manifestly was in error in ordering it. The decree awarding separate support to Mrs. Cox was reversed and this Court entered a decree here for Cox. The imprisonment of appellant was to continue only so long as he failed to discharge the separate support obligations imposed in the original decree. Cox, having been relieved of the obligation to pay, is entitled to immediate release.
In a case where a party has contumaciously failed to comply with directions contained in a personal decree, has been adjudged guilty of criminal contempt and, as punishment therefor, has been sentenced to pay a fine or to be imprisoned, subsequent reversal of the original decree would not, of itself, absolve or relieve the contemner of the sentence, and nothing herein is to be construed as so indicating.
Reversed, decree here for appellant, and appellant discharged.
GILLESPIE, C. J., and PATTERSON, SUGG and BROOM, JJ., concur.