RODGERS, Presiding Justice.
Mary Smith filed her bill of complaint in the Chancery Court of Lincoln County, Mississippi against Charles Smith on September 13, 1971, seeking a divorce, custody of the unmarried minor children, attorneys’ fees and suit money and alimony. The grounds alleged for the divorce were habitual drunkenness, habitual cruel and inhuman treatment, and adultery. The defendant answered denying the allegations of the bill and asked that the parties’ marital union not be disturbed by the court.
A temporary hearing was held on April 18, 1972, after which Mrs. Smith was awarded the temporary care and custody of her two (2) minor children, and Mr. Smith was ordered to pay three hundred dollars ($300.00) per month as support and maintenance for his wife and children.
Prior to the trial, Mrs. Smith filed an amendment to her bill of complaint seeking an adjudication that a trust be created which would give her an undivided one-half (1/2) interest in two hundred and forty (240) acres of land purchased in the name of Charles Smith.
After the complainant rested her case, the defendant moved to dismiss the bill of complaint for the reason that the complainant had failed to meet the burden of proof to establish the grounds for divorce. The chancellor sustained the motion as to the charge of adultery and habitual drunkenness, but reserved his ruling with regard to habitual cruel and inhuman treatment until the case was concluded.
After the defendant introduced testimony in his behalf, the chancellor rendered his opinion, denying the relief prayed for and dismissing the bill of complaint. The chancellor stated:
“I think the Supreme Court has very well put it when it says that in some cases the honors are pretty well divided, and I think this is one of those cases, where the honors are very evenly divided. I don’t think either party has anything to be proud of. I don’t think either party is entitled to any relief. I’m going to deny the relief sought by the bill of complaint. Tax the costs against *468 the complainant, and dismiss the bill of complaint. That’s the ruling of this court.”
From this judgment, Mrs. Smith prosecutes this appeal on three principal grounds:
(1) Mary Smith was entitled to a divorce on the ground of habitual cruel and inhuman treatment.
(2) Mary Smith was entitled to an undivided one-half (1/£) interest in the 240 acres of land which was purchased in the name of Charles H. Smith.
(3) Mary Smith was entitled to custody of the unmarried minor children, reasonable attorneys’ fees, child support, alimony, and a division of property.
This is another of those sad cases where the marriage of two people has turned from respect and love to ill will, where loving companionship has changed to apprehension, fear, and hatred.
If there is any fact brought out clearly by the testimony in this case, it is the fact that these two people cannot continue to live together. The appellee, husband, says he loves his wife and he does not want the court to disturb their marriage. Yet, his actions speak louder than his words. He admits that he beat her on several occasions, but he blamed the woman as Adam of old did in the beginning. He admits that he said ugly things to her, and she admits that she said ugly things to him. At a time when his wife was obviously going through a trying time in her life, he had her committed to the insane asylum. His excuse there was that his daughter caused it. Fie admits that he does not stay at home very much, but says that his work keeps him away even during the time when he is not working. In spite of the fact that Mrs. Smith helped save the money to buy land and raised cattle to pay debts, he is reluctant to support his wife and family. He contends that unless she is willing to live with him, she is not entitled to support; that is, of course, the law, provided the separation is through no fault of his own.
In Cox v. Cox, 183 So.2d 921, at 924 (Miss.1966) we had this to say on the subj ect:
“[I]n the absence of evidence showing that she is ill, or that there was some other legitimate compelling reason requiring her to live separate and apart from her husband — Mr. Cox is not required to pay her alimony, separate maintenance, or to support her, so long as she wrongfully refuses to return to her conjugal duties.”
Throughout the record and briefs in this case, the appellee has sought to impress the court with the proposition that the wife is mentally ill. It was even argued in this Court that she is now insane and that her answers to questions were incoherent, in spite of the fact that she has been examined by doctors and held to be sane.
If we assume, which we do not, that the appellant had been mentally ill and had said ugly things under the influence of her illness, that does not excuse the appellee for physically assaulting his wife, even if she should have received mental therapy.
Taking the testimony of all the witnesses, we are convinced that the continuous threat on the part of the appellee against the appellant, and the admitted uncondoned assaults made by the appellee on the person of appellant, together with the habitual nagging of the appellee in telling the appellant that she was crazy, or was a fool, constitute habitual cruel and inhuman treatment for which she was entitled to a divorce from the appellee.
It is not often that we are willing to hold that the decree of the chancellor who *469 heard the witnesses testify reached the wrong conclusion on a factual issue, but where it becomes apparent from the cold record that an error has been committed, we will not hesitate to so hold.
We hold that Mrs. Smith is entitled to a divorce from Mr. Smith, and the decree of the chancery court is therefore reversed.
We are of the opinion and so hold, that Mrs. Smith, the appellant, is entitled to alimony for herself and support money for such of the children as the chancery court may award to her custody. We also hold that the appellant is entitled to a reasonable attorneys’ fee for her attorneys in the trial court, and that an additional sum of one-half (1/2) of the amount awarded for their services in the trial court will be awarded her attorneys for their services in this Court.
We are of the opinion that the record does not show a resulting trust in favor of Mrs. Smith in the property of her husband. The mere fact that Mrs. Smith helped her husband to save money and raise cattle does not give her a one-half [}/£) interest in the land of her husband. See Cox v. Cox, 183 So.2d 921 (Miss.1966). The chancery court may, however, establish a lien upon the property of Mr. Smith to insure the prompt payment of. alimony and support for their children.
The decree of the chancery court is therefore reversed, and Mrs. Smith is hereby awarded a divorce from the bonds of matrimony heretofore existing between the appellant Mary R. Smith and Charles H. Smith, the appellee. The case is remanded to the chancery court for the purpose of determining the amount of alimony, child support, and attorneys’ fees due by the appellee to the appellant.
Reversed and remanded.
SMITH, ROBERTSON, SUGG and BROOM, JJ., concur.