PATTERSON, Chief Justice,
for the Court:
L. C. Rodgers filed a bill of complaint for divorce charging his wife, Jacqueline, with habitual cruel and inhuman treatment. In her answer she denied the allegations of the bill and filed a cross bill charging the complainant with habitual cruel and inhuman treatment and prayed for a divorce. These allegations were denied and thereafter, on the day of trial, the complainant dismissed his bill and the cause was heard upon the cross bill for divorce and the answer thereto.
At the conclusion of the trial, the court denied the cross-complainant a divorce, but awarded her a decree of separate maintenance, including $200 per month for support, and custody of an infant daughter with an additional $150 per month for the child’s support. These awards apparently resulted from a choice between a divorce and separate maintenance offered to the cross-complainant. The language of the court was:
The Court believes that under the prayer for general relief that they are living apart, and a decree for separate maintenance, if you would prefer that rather than a divorce suit, will be entered. .
The decree in pertinent part provides:
. [T]he Cross-Complainant, Jacqueline Rodgers, is not entitled to a divorce from the Cross-Defendant, L. C. Rodgers, on the grounds of Habitual Cruel and Inhuman Treatment but affirmatively finds that she is entitled to separate maintenance from the Cross-Defendant, L. C. Rodgers. .
This appeal challenges only the propriety of the decree of separate maintenance and if it is found proper, the amount of the award to the wife for her support is argued to be excessive. There is no question concerning the support or custody of the child.
*541 In reversing this case we first observe that the cross-complainant did not pray for separate maintenance as an alternative to the divorce. We also observe there is no allegation in the cross bill that the cross-complainant was without fault in causing the separation. In Etheridge v. Webb, 210 Miss. 729, 50 So.2d 603 (1951), we held that the jurisdictional basis of a separate maintenance decree in chancery is not outlined by statute, but by equitable principles first laid down in Mississippi in Garland v. Garland, 50 Miss. 694 (1874). The power to grant separate maintenance to the wife was based on (a) separation without fault on the wife’s part, and (b) willful abandonment of her by the husband with refusal to support her. The Court pointed out that these jurisdictional requirements for separate maintenance had continued to the time of that case. And indeed they remain to the present. In Cox v. Cox, 279 So.2d 612 (Miss.1973), we held that a wife is not entitled to separate support and maintenance when her conduct materially contributed to the separation, and in King v. King, 246 Miss. 798, 152 So.2d 889 (1963), we were of the opinion that the law does not require the wife to be blameless, but that misconduct on her part which materially contributed to the separation which is equal to or greater than the fault of the husband, is a defense to her suit for separate maintenance.
A review of the uncontradicted testimony of the wife establishes that her conduct materially contributed to the separation. She admitted stabbing her husband some several minutes after an altercation between them. She continued a course of conduct that disrupted the marital tranquility by having a male companion against her husband’s wishes, although there was no evidence to indicate an adulterous relationship. Her course of conduct, by any fair reading of the record, was a material factor in the separation at least equal to if not greater than that of her husband. This is not to say that he was without fault because he admitted to striking her on one occasion and cursing her on others. Both testified that they could no longer live together as husband and wife. The separation being caused by the fault of both parties, a constant and continuing argument and battle, mandates the opinion that the decree awarding support and separate maintenance for the wife was erroneous.
The cause is therefore reversed and the cross bill of Jacqueline Rodgers is hereby dismissed, but without prejudice to either party to begin anew.
REVERSED AND RENDERED.
INZER and SMITH, P. JJ., and ROBERTSON, SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.