437 So.2d 384 (1983)
Cora Lee CHAFFIN
v.
John R. CHAFFIN, Jr.
No. 53837.
Supreme Court of Mississippi.
August 17, 1983.
Rehearing Denied October 5, 1983.
*385 Harry L. Kelley, Jackson, for appellant.
Johnston, Adams & Younger, Michael P. Younger, Brandon, for appellee.
En banc.
PATTERSON, Chief Justice, for the Court:
John R. Chaffin, Jr., filed suit in the Chancery Court of Rankin County, seeking a divorce on the ground of habitual cruel and inhuman treatment. His wife Cora Lee Chaffin denied the cruelty in her answer and filed a cross-complaint for separate maintenance. The court granted Mr. Chaffin a divorce and awarded Mrs. Chaffin $250.00 per month child support, the custody of their younger son, and the use of the family home until the younger son should reach majority or become self-supporting or until Mrs. Chaffin should remarry or abandon the property for a period of time longer than one month.
Mrs. Chaffin appeals and assigns the following as error:

I. Did the trial court err in granting a decree in vacation without having previously taken the case under advisement for a ruling in vacation?
At the conclusion of the trial, which was near the end of the regular December 1981 term, appellant requested additional time to present argument to the court. The court granted the request but instructed appellant to prepare an order so that the case could be taken under advisement, as required by Mississippi Code Annotated, § 93-5-17 (1972), for decree in vacation. Either through oversight or inadvertence appellant did not follow this instruction and the order was never entered. She now argues the nunc pro tunc decree entered in vacation did not cure the defect and is, by virtue of the absence of the order, null and void.
The court addressed this issue in Callicott v. Horn, 137 Miss. 693, 102 So. 850 (1925), "Power to sign decrees and try causes in vacation on the part of judges and chancellors must be derived from the statute, or by consent of the parties, and a decree entered in vacation not in conformity therewith or not so authorized is void." While this case reversed the chancellor's decree because there was no order on the minutes, the court implied that the decree would have been upheld had the record disclosed consent of the parties to take the decree in vacation. The record in the present case expressly reflects such an agreement. The chancellor directed appellant to put on an order; and while appellee initially requested a decree during term time, he did not object to the chancellor's instruction.
We are of the opinion the understanding to take the decree in vacation had the effect of retaining jurisdiction in the court until the decree nunc pro tunc was entered. Since the necessity for the decree nunc pro tunc was prompted by appellant's oversight, we think that stated in Green v. Myrick, 177 Miss. 778, 171 So. 774 (1937), is apropos, "[C]ourts may by nunc pro tunc orders supply omissions in the record of what had *386 previously been done, and by mistake or neglect not entered."
We distinguish Lanham v. Lanham, 194 Miss. 872, 14 So.2d 215 (1943), on the point that the decree in that case was entered in vacation over appellant's objection. In the case at bar appellant not only failed to object, but her request for time helped create the necessity of the entry of the decree in vacation.

II. Did the trial court err in finding that the evidence supported appellee's ground for divorce?
This Court will not reverse a chancellor's decree of divorce unless it is manifestly wrong as to law or fact. Humber v. Humber, 109 Miss. 216, 68 So. 161 (1915); Dubois v. Dubois, 275 So.2d 100 (Miss. 1973). Appellee presented evidence, corroborated by others, that appellant's continual nagging and absence from their home caused him physical and psychological distress and finally forced him to leave the house. This was a much stronger case for divorce than was required by this Court in Wires v. Wires, 297 So.2d 900 (Miss. 1974). Additionally, appellee testified that appellant threatened to kill him and this prompted him to remove all the guns from the house. On similar facts this Court in Sandifer v. Sandifer, 215 Miss. 414, 61 So.2d 144 (1952), upheld the decree, finding the conduct satisfied the pronouncements in Russell v. Russell, 157 Miss. 425, 128 So. 270 (1930). We take complainant's testimony at its best, as suggested in Burnett v. Burnett, 271 So.2d 90 (Miss. 1972), and find that it does establish the grounds set out in the complaint.

III. Did appellee condone the alleged habitual cruel and inhuman treatment?
Habitual cruel and inhuman treatment is an offense of a continuing nature and is not condoned by the mere continuance of cohabitation. Manning v. Manning, 160 Miss. 318, 133 So. 673 (1931). But condonation of cruelty has been found where the parties separated and then resumed their marital relationship. Thames v. Thames, 233 Miss. 24, 29, 100 So.2d 868, 870 (1958); Stribling v. Stribling, 215 So.2d 869, 870 (Miss. 1968).
The record shows the parties separated in December, 1980, but resumed cohabitation in late July, 1981. According to Thames and Stribling, appellee condoned all pre-resumption offenses. The parties again separated, however, after Mr. Chaffin learned that his wife had again committed one of the acts of cruelty charged to her: that she had left the marital residence and spent a good deal of time with another man. We are of the opinion that this postcondonation offense revived the previous offenses for consideration by the court. Smith v. Smith, 205 Miss. 794, 40 So.2d 156, 157 (1949). Therefore, the chancellor did not err in finding that appellee had not condoned the habitual cruel and inhuman treatment.

IV. Did the chancellor make inadequate financial provisions for the appellant?
Appellant first contends that the divorce should be set aside and that she should be awarded separate maintenance. It is, of course, improper to award separate maintenance to a wife whose conduct was a material factor in the separation at least equal to that of the husband. Rodgers v. Rodgers, 349 So.2d 540 (Miss. 1977); Cox v. Cox, 279 So.2d 612 (Miss. 1973). The trial court found from the evidence that appellant's conduct was the sole cause of the separation and thus this contention is without merit. In the alternative, appellant prays for alimony. While the general rule is that alimony will not be awarded to a wife where the divorce is granted to the husband, the trial court is not precluded from awarding alimony to a wife who is at fault. Yelverton v. Yelverton, 200 Miss. 569, 28 So.2d 176 (1946). However, such an award was reversed where the wife was able to earn her own living, had not contributed to the accumulation of her husband's property, and where the husband was not partially at fault. Russell v. Russell, 241 So.2d 366 (Miss. 1970).
We think appellant's situation is analogous to that of the wife in Russell on *387 all of these points. Therefore, we opine the chancellor did not err in refusing alimony.
Our cases which have reversed denials of alimony where the wife was at fault may be distinguished. Appellee earns a salary of $800 per month and is not a substantial landowner as was the husband in Bond v. Bond, 355 So.2d 672 (Miss. 1978). In Gatlin v. Gatlin, 248 Miss. 868, 161 So.2d 782 (1964), the wife was seriously ill; here the appellant is not.
Appellant also contends the award of $250 per month for the support of the parties' younger son is inadequate. Based on the criteria set out in Brabham v. Brabham, 226 Miss. 165, 84 So.2d 147 (1955), we find this contention without merit. Appellee pays approximately $350 per month for apartment rent and utilities. He also must support the parties' older son who lives with him. Appellant has the use of the marital residence until the younger son reaches majority or becomes self-supporting. We find that in light of these facts, the award of $250 per month, almost one-third of appellee's salary, is adequate. We therefore affirm.
AFFIRMED.
WALKER and BROOM, P.J.J., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.