457 So.2d 1342 (1984)
John Clayton MARBLE
v.
Rebecca Jane Schenk MARBLE.
No. 54989.
Supreme Court of Mississippi.
October 10, 1984.
Lester F. Smith, Robert L. McArty, Perry, Morrison & Smith, Jackson, for appellant.
Rufus Creekmore, E. Michael Marks, Jackson, for appellee.
Before PATTERSON, C.J., and DAN M. LEE and PRATHER, JJ.
PATTERSON, Chief Justice, for the Court:
John Clayton Marble appeals a judgment of the Chancery Court of the First Judicial District of Hinds County denying his prayer for divorce and awarding $500.00 per month separate maintenance to his wife, Rebecca Schenk Marble.
The parties were married on June 3, 1972, and had a son on September 14, 1975. In October, 1982, John Marble departed the family residence and has not since cohabited with his wife.
The record contains no evidence of abuse, physical or verbal, of either party by the other; but it is evident John and Rebecca can no longer live together. John stated the marriage had become intolerable to him and that he could not return to Rebecca under any circumstances. While Rebecca testified she "would love to try" to make her marriage a success, she could not agree to accept her husband back into their home unless he consented to consult with a therapist of her choice.
John Marble first contends the chancellor improperly denied his prayer for divorce on the ground of habitual cruel and inhuman treatment. While the record indicates it is now impossible for John to resume cohabitation with Rebecca, we are of the opinion her behavior does not constitute "habitual cruel and inhuman treatment" as this *1343 Court has defined. In Burnett v. Burnett, 271 So.2d 90, 93 (Miss. 1972), we stated:
In discussing habitual cruel and inhuman treatment as grounds for divorce, we said in Howard v. Howard, 243 Miss. 301, 303-304, 138 So.2d 292, 293 (1962).
"The popular idea is that, like charity, it covers a multitude of marital sins, and is the easiest road to freedom from the marital bonds. As a result suits are often brought, based on petty indignities, frivolous quarrels, general incompatibility and the petulant temper of one or both parties, seeking divorce for habitual cruel and inhuman treatment, without ever realizing or understanding, in the remotest degree, what is meant by the words as used in the statute. They do not realize the nature, gravity, or duration of the cruelty required to warrant a divorce. * * * The cruelty required by the statute is not such as merely to render the continuance of cohabitation undesirable, or unpleasant, but so gross, unfeeling and brutal as to render further cohabitation impossible, except at the risk of life, limb, or health on the part of the unoffending spouse; and that such risk must be real rather than imaginary merely, and must be clearly established by the proof." (Emphasis added.)
The parties are not compatible. Rebecca Marble's religious views differ from her husband's, and she is unable or unwilling to be as fastidious a housekeeper and as demonstrative as he would like. While John Marble appears genuinely unhappy in this marriage, in our opinion he has not proved this dissatisfaction is caused by any cruel and inhuman treatment on Rebecca's part.
Secondly it is argued the chancellor erred in awarding Rebecca separate maintenance. Citing Orr v. Orr, 440 U.S. 268, 99 S.Ct. 1102, 59 L.Ed.2d 306 (1979), which held unconstitutional the Alabama statute providing that husbands but not wives may be required to pay alimony upon divorce, John Marble contends the gender based cause of action of separate maintenance is unconstitutional. However, under the long standing rule that the court will refrain from deciding constitutional issues unless absolute necessary, we dispose of this issue on other grounds. Tribou v. Gunn, 410 So.2d 378 (Miss. 1982).
We are of the opinion the award of separate maintenance was improper for two reasons. First, when Rebecca was asked on cross-examination, "Do you contend that the marital problems were the fault of just John, or both of you?" she replied, "Both of us." It is well settled that a wife is not entitled to separate maintenance where her conduct has materially contributed to the separation. Cox v. Cox, 279 So.2d 615 (Miss. 1973); King v. King, 246 Miss. 798, 152 So.2d 889 (1963). By her own admission Mrs. Marble was partly responsible for the marital difficulties. Therefore, in our opinion, she is not entitled to separate maintenance.
Further, she placed a condition on her offer to have her husband return to her: that he undergo counseling with a therapist of her choice. This statement establishes Mrs. Marble's willingness to have her husband resume the marriage relationship was not complete. It therefore will not support an award of separate maintenance, which is a "judicial command to the husband to resume cohabitation with his wife, or in default thereof, to provide suitable maintenance for her until such time as they may be reconciled to each other." Bunkley & Morse's Amis, Divorce and Separation in Mississippi, Section 7.00 (1957). Unless the wife is willing to live with her husband, she is not entitled to separate maintenance. Smith v. Smith, 293 So.2d 466 (Miss. 1974).
For the foregoing reasons, we are of the opinion the chancellor erred in awarding separate maintenance to Mrs. Marble. The judgment is therefore reversed and the cause remanded without prejudice.
REVERSED AND REMANDED.
WALKER and ROY NOBLE LEE, P.JJ., and BOWLING, HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.