241 So.2d 366 (1970)
Richard Oliver RUSSELL
v.
Keith Dunbar RUSSELL.
No. 45962.
Supreme Court of Mississippi.
November 16, 1970.
Leon L. Porter, Jr., Semmes Luckett, Clarksdale, for appellant.
Wise, Carter & Child, M. Curtiss McKee, Jackson, for appellee.
RODGERS, Justice:
This case came to this Court from the Chancery Court of Coahoma County, Mississippi, and it is an appeal from a decree of the chancery court awarding the husband, Richard Oliver Russell, a divorce from his wife, Keith Dunbar Russell. The husband appeals from that part of the decree by which the wife was awarded alimony in the sum of $500 per month and an attorneys' fee in the sum of $1,000.
We have carefully examined the record; we have studied the briefs; we have heard the argument of attorneys and have reached the conclusion that the decree of the chancery court in this case must be reversed for the following reasons.
The complainant and defendant were married and lived together for a period of approximately ten months. Mrs. Russel had been previously married and divorced. She had three sons, aged ten, seven and four, by her first marriage. Mr. Russell had been previously married and divorced. He had three daughters, aged seventeen, fourteen and eleven, by his first marriage. All of these people moved into the home of Mr. Russell. A short time thereafter friction occurred between Mr. and Mrs. Russell growing out of the relationship between Mr. Russell and the children of Mrs. Russell. The marital relationship between Mr. and Mrs. Russell grew from bad to worse, culminating in the attempted suicide of Mrs. Russell. Mrs. Russell's religious, political and social philosophy did not coincide with that of her husband.
There are untoward incidents shown in the record on which the chancellor could have and obviously did predicate his finding that the husband was entitled to a divorce. Our study of the record, however, indicates that the wife was not entirely to blame for the dissolution of the *367 marital relationship. Mrs. Russell has dismissed her appeal in this case to this Court and we are not called upon to pass on that part of the decree. The only issues we have before us are: (1) Is the wife entitled to alimony, and (2) what is a reasonable fee for the services of her attorneys on appeal?
The general rule is that alimony will not be allowed to the wife when the husband is granted a divorce because of the wrongful conduct of the wife.
We have said that the husband is entitled to have his wife receive her support in his home while she is discharging the duties of a wife as imposed under the marriage contract. Cox v. Cox, 183 So.2d 921 (Miss. 1966).
There are, however, several exceptions to this general rule. These exceptions are expressed by Bunkley and Morse's Amis on Divorce and Separation in Mississippi, section 6.04 (1957), at pages 183, 184:
* * * And the general rule is that alimony will not be allowed to the wife unless the decree for divorce is in her favor. The rule has been modified in a number of instances. The statute permits the allowance of alimony to the wife when a decree for divorce is rendered. Under some circumstances it has been held that it is equitable and just to allow alimony to a wife whose conduct brought about the dissolution of the marriage and this should be decided by the chancellor acting within sound judicial discretion. It has been held that where the wife is without estate and has no means of support it would not be an abuse of discretion for the chancellor to award the wife alimony where the husband obtains the divorce. And it would seem that where the wife contributed to the accumulation of the property of the husband, she should be allowed a reasonable sum as her share of the property. It has been held that where the wife is sick and unable to earn a livelihood and where the husband is at least partially at fault in bringing about the marital wreck, the statute is sufficiently broad by implication to authorize the chancellor to grant alimony to the wife.
It should be emphasized that the general rule is that alimony should not be granted to the wife where the separation and divorce are brought about by her acts and conduct. The rule is a sound one and is based on the proposition that a husband is entitled to have his wife receive her support in his home while she is discharging the duties of a wife as imposed under the marriage contract.
See also Coffee v. Coffee, 145 Miss. 872, 111 So. 377 (1927); Winkler v. Winkler, 104 Miss. 1, 61 So. 1 (1913).
We find from the record that Mrs. Russell's situation is not comparable to any of the exceptions mentioned by the foregoing authorities. It is true that Mrs. Russell is not financially independent, but she does have an income from her first husband for the support of his children. He has also arranged for them to have a home. Mrs. Russell says that she is able to work and we think she is able to earn her own living. She is now in the same situation she was in a few months ago when she married Mr. Russell. We cannot, therefore, agree with the chancellor that Mr. Russell should pay Mrs. Russell alimony under the circumstances where the chancellor has decreed that the marital relations were dissolved because of her fault. The decree allowing alimony will, therefore, be reversed.
On the other hand, we are of the opinion that Mrs. Russell was entitled to have representation in this Court. We fix the attorneys' fee to be paid Mrs. Russell for her attorneys at the sum of $500.
*368 The decree awarding alimony is hereby reversed. Appellant will pay the cost of this Court.
Reversed and rendered.
GILLESPIE, P.J., and BRADY, PATTERSON and SMITH, JJ., concur.