383 So.2d 146 (1980)
L.L. BEACHAM, Jr.
v.
Mrs. Edith Russell BEACHAM.
Nos. 51940, 51818.
Supreme Court of Mississippi.
April 30, 1980.
Thomas J. Lowe, Jr., Joseph A. Gentile, Jackson, for appellant.
L.L. Beacham, Jr., pro se.
King & Spencer, Robert W. King, Jackson, for appellee.
Before SMITH, P.J., and BROOM and COFER, JJ.
SMITH, Presiding Justice, for the Court.
On February 14, 1967, L.L. Beacham, Jr., appellant, obtained a divorce from appellee, Edith Russell Beacham upon the ground of habitual cruel and inhuman treatment. It was judicially established by the decree that it had been the misconduct of Edith Russell Beacham that was the ground for the divorce, and that L.L. Beacham, Jr. was the aggrieved party. The minor children born of the marriage, who were living with their mother at the time, were allowed to remain with her under the decree. For the support of the children Beacham was directed to pay $200.00 each a month and, in addition, he was directed to pay to their mother $425.00 per month as alimony. Beacham has made the payments required of him for the support of the children who have now reached majority. And, although not all payments have been made on time, he has also paid $425.00 per month to Mrs. Beacham as ordered in the original divorce decree, with the possible exception of some interest on delayed installments.
The situation with regard to these alimony payments has continued unchanged since the original divorce decree in February, 1967, a period of some thirteen years, although Beacham has tried, unsuccessfully, to have the decree modified to reduce or discontinue them.
The present appeal by Beacham is from decrees of the Chancery Court of Hinds County dated June 6, and July 11, 1979, (the cases have been consolidated) rejecting Beacham's requests for modification of the former decree so as to permit him to discontinue payments to Mrs. Beacham and holding him in contempt for failures or delays with respect thereto.
*147 The payments for support of the children were made by Beacham as required, the children had reached their majority before the hearings which resulted in the decrees appealed from were entered, and the children are no longer dependent upon their mother for supervision or parental care.
Leaving aside the several collateral matters which are raised or sought to be raised on the appeals in these cases, there is very little dispute about the substantial or significant facts relating to the circumstances of the parties.
At the time of the divorce, the house and all of its furnishings had become the property of Mrs. Beacham. It is perfectly clear that she is a single woman, in good health, with no dependents and with an income of some $18,000.00 a year, exclusive of any payment of alimony by Mr. Beacham. Mrs. Beacham cannot be characterized as being in any sense a needy person.
At the time of the decrees appealed from, in addition to her substantial income, she had in prospect retirement pay and social security. At the time the divorce decree was entered in 1967, when custody and supervision of the children was left with Mrs. Beacham, apparently so as not to disturb their existing circumstances, it cannot be said at this date that it was unreasonable for the court, in allowing them to remain with their mother, and directing Beacham to make payments for their support, also to award to Mrs. Beacham a sum as alimony in connection with her duties in supervising and looking after the children. It was a matter which can reasonably be considered to have been in the mutual best interest of the parties as well as of the children.
Now that this duty (looking after the children) no longer rests upon Mrs. Beacham and the circumstances are such as no longer to require contributions to Mrs. Beacham from Mr. Beacham upon the basis of any need or otherwise, he should not be required to continue them. Beacham was the innocent party in the divorce and the divorce decree so adjudicated. The destruction of the marriage was the result of misconduct on the part of Mrs. Beacham. Mrs. Beacham no longer has the responsibility of the minor children. She cannot be said to be in any sense needy, in poor health, or unable to lead an independent life with ample means of support without further payment to her of alimony by Beacham. In such circumstances, requiring Beacham to continue to pay alimony to her should cease.
The policy in Mississippi regarding the award of alimony in such a case has long been established. This Court held in Coffee v. Coffee, 145 Miss. 872, 111 So. 377 (1927), that alimony will not be allowed to the wife unless the decree for divorce is in her favor. While exceptions to this rule have been noted in later cases, such as, for instance, where the wife is without estate and has no means of support or the husband's property is an accumulation of the joint efforts of the parties, or where the wife is sick and unable to earn a livelihood. None of these exists in this case.
In Bunkley and Morse's Amis Divorce And Separation in Mississippi, paragraph 6.04 (1957), in concluding a discussion of the rule, it is said: "It should be emphasized that the general rule is that alimony should not be granted to the wife where the separation and divorce are brought about by her acts and conduct. The rule is a sound one and is based on the proposition that a husband is entitled to have his wife receive her support in his home while she is discharging the duties of a wife as imposed under the marriage contract." In the same work the authors refer to Gatlin v. Gatlin, 248 Miss. 868, 161 So.2d 782 (1964), which was a case involving an exception to the general rule in that alimony was allowed to the wrongdoing wife "because of her destitute situation and her poor health, ..." the court holding that the chancellor should have retained jurisdiction even in such a case in order to permit reconsideration when appropriate.
In Russell v. Russell, 241 So.2d 366 (Miss. 1970), this Court had occasion to reexamine and approve the general rule that alimony will not be awarded to a wife whose misconduct was the ground for the husband's *148 divorce. In Russell, supra this Court, after reviewing the authorities, found that Mrs. Russell's situation did not fall within any of the exceptions to the general rule. Moreover, in Russell, although the Court found that Mrs. Russell was not financially independent, it was noted that she had an income from a former husband for the support of his children, the former husband having arranged for them to have a home. The Court found that Mrs. Russell was able to work and considered that she was able to earn her own living. This Court reversed the chancellor who had awarded alimony to Mrs. Russell saying that it could not agree that Mr. Russell should pay her alimony where the chancellor had dissolved the marriage because of her fault.
In the present case there is no dispute that Mrs. Beacham is in the prime of life, enjoying good health, earning a very substantial salary and with every reasonable prospect for a secure future in the form of retirement pay and social security. In this situation, under the rule above stated, it is not necessary to go into the financial status of Mr. Beacham or to point out the undeniable fact that he has been and is in poor health.
It would not be unreasonable to assume that, in awarding alimony to Mrs. Beacham in the decree granting Beacham a divorce, and providing for support of the children in the home with Mrs. Beacham, the chancellor was motivated by a desire to make Mrs. Beacham's task of supervision easier and thus justified the award. However, no matter what prompted the award, no reason whatever now exists justifying the continuance of alimony payments to Mrs. Beacham. As in Russell, supra, it was error not to relieve the former husband of continuing payments to his former wife.
It is unnecessary to pass upon the constitutionality of the Mississippi alimony statute (as it existed prior to the current session of the Mississippi Legislature) under Orr v. Orr, 440 U.S. 268, 99 S.Ct. 1102, 59 L.Ed.2d 306 (1979) nor to pass upon other questions raised not relevant to the central issues.
Alimony is not a bounty to which Mrs. Beacham became entitled to receive indefinitely simply by reason of the fact that at one time she had been married to Beacham. In the divorce decree, it was judicially established that the marriage had been broken up and terminated because of her own misconduct. It cannot be said that she is in any way dependent for a livelihood upon receiving alimony from Beacham. The divorce effectively and finally dissolved and ended their relationship with each other and with it their reciprocal responsibilities. Unless some reason, based upon public policy, could be pointed out that, in good conscience, there is a compelling need to require support from her former husband, he should be relieved of the burden of making contributions to her. No such reason can be pointed out in this case and we are compelled to hold that none exists.
The decrees appealed from will be reversed and a decree entered here relieving Beacham of further payments of alimony to Mrs. Beacham. The case will be remanded to the chancery court for further proceedings with respect to the amounts due Mrs. Beacham which have accrued, from which Beacham is not relieved. It is apparent from the record that Mrs. Beacham is well able from her own means to employ and pay an attorney to represent her and the allowance of attorney's fees on this appeal is denied.
REVERSED AND RENDERED IN PART AND REMANDED.
PATTERSON, C.J., ROBERTSON, P.J., and SUGG, WALKER, BROOM, LEE and COFER, JJ., concur.
BOWLING, J., took no part.