597 So.2d 653 (1992)
Linda Gregory HAMMONDS
v.
Larry D. HAMMONDS.
No. 90-CA-1125.
Supreme Court of Mississippi.
April 22, 1992.
William T. Reed, Pascagoula, for appellant.
Gary L. Roberts, Pascagoula, for appellee.
Before ROY NOBLE LEE, C.J., and BANKS and McRAE, JJ.
McRAE, Justice, for the Court:
Linda Gregory Hammonds appeals from a judgment of the Chancery Court of Jackson County, Mississippi, dated July 16, 1990. The divorce decree granted a divorce to Larry D. Hammonds, set out visitation rights for both parents with the children born of the marriage, made provision for temporary child support payments from Larry to Linda and the use of the home and personal property, but denied any alimony to Linda. The chancellor stated: "[N]otwithstanding Linda's financial circumstances ... she should be awarded no alimony or any share of Mr. Hammonds' pension. *654 ... She gave that up by her repeated adulterous behavior."
Where, as here, alimony is otherwise appropriate, it should not be denied the wife solely because she is adjudged at fault in the divorce judgment. We reverse and remand for proceedings not inconsistent with this opinion.

I.
Linda and Larry Hammonds, then age 14 and 18, respectively, were married on July 31, 1965. After 25 years of marriage, they separated and both asked for a divorce. Linda claimed habitual cruel and inhuman treatment and, alternatively, irreconcilable differences as grounds. Larry defended, denying Linda had grounds, and counterclaimed for divorce on grounds of adultery and, alternatively, irreconcilable differences. By amendment, Linda added adultery as a ground. The three children of the marriage were age 22, 18, and 16 at the time of the hearing. The Hammonds' prior separations centered around adulterous conduct by each of the parties. However, each time they had reconciled and condoned that conduct.
Larry was the principal provider, earning approximately $40,000.00 per year as a Chevron employee. His vested retirement is valued at approximately $200,000.00. Linda has a high school GED diploma. She has devoted her time and talents as a housewife and mother except for brief periods of employment as a salesperson. She quit each job when Larry demanded that she stay home and devote herself exclusively to the tasks of housewife and mother. They jointly owned a home, the exclusive possession of which was awarded Larry. Linda admitted to adultery prior to and after the separation. Larry denied having committed adultery following the separation. No witnesses corroborated adultery by either; however, Linda testified that Larry admitted his adultery to her. Linda's proof centered around Larry's inattention; she testified "he was never there when I needed him." Alleged paternal grandfather fondling of their daughter when she was ten (10) years old was a continual impediment to the marriage, because Larry insisted that the family (including that daughter) continue regular visits in the home of the grandfather.

II.
In Retzer v. Retzer, 578 So.2d 580, 592 (Miss. 1990), the majority adhered to the "general rule that alimony will not be awarded a wife when the husband is granted a divorce because of her fault." Beacham v. Beacham, 383 So.2d 146, 147 (Miss. 1980); Russell v. Russell, 241 So.2d 366, 367 (Miss. 1970). However, exceptions have been made in those cases "where the marriage has been of long duration, the husband is able to pay alimony in some amount, and the wife has no means of livelihood." (citations omitted) Retzer, 578 So.2d at 593. We note that in Retzer, as distinguished from the case sub judice, the errant wife had a college education and substantial personal assets, including a 49.8% interest in the family's successful business. Her financial security was not contingent upon an award of alimony, and thus we did not reach the question of whether her adultery precluded such an award.
Although a long line of older cases unequivocally denied periodic alimony where the husband was granted a divorce on grounds of the wife's adultery, several more contemporary cases have allowed a meager sum of alimony. See, Jordan v. Jordan, 510 So.2d 131 (Miss. 1987); Wood v. Wood, 495 So.2d 503, 506 (Miss. 1986). We note, however, that these awards have been made not to enable the wife to maintain the lifestyle to which she has been accustomed, but to prevent her from destitution. Retzer, 578 So.2d at 593.
The dissent in Retzer noted the "enlightened view" that marital fault should no longer be a sanction in child custody cases. Id. at 597; Carr v. Carr, 480 So.2d 1120, 1121 (Miss. 1985) ("This Court holds that the fact of adultry [sic] alone does not disqualify a parent from custodianship, but that the pollstar [sic] consideration in original custody determinations is the best interest and welfare of the minor child."). *655 As suggested therein, adultery should not stand as an absolute bar to alimony, especially, we believe, when denial of alimony would render the wife destitute. Moreover, we see no reason why a distinction should be made between adultery and other grounds upon which a husband may be granted a divorce.
Except for her fault, Linda satisfies the other criteria for an alimony award: she contributed substantially to the total accumulation of marital assets; the marriage lasted some twenty-five (25) years; she has no separate income or estate while Larry's is substantial; and, without alimony, Linda lacks any financial security.
Considering Linda's fault as only one of the following qualifying factors, she is entitled to minimal alimony:
1. The income and expenses of the parties;
2. The earning capacities of the parties;
3. The needs of each party;
4. The obligations and assets of each party;
5. The length of the marriage;
6. The presence or absence of minor children in the home, which may require that one or both of the parties either pay, or personally provide, child care;
7. The age of the parties;
8. The standard of living of the parties, both during the marriage and at the time of the support determination;
9. The tax consequences of the spousal support order;
10. Fault or misconduct;
11. Wasteful dissipation of assets by either party; or
12. Any other factor deemed by the court to be "just and equitable" in connection with the setting of spousal support.
Jennings v. Jennings, 464 So.2d 1359, 1360 (Fla.App. 3 Dist. 1985); see also Lawrence A. Moskowitz, Unfair Tactics in Matrimonial Cases, § 5.9 (1990); Rainey v. Rainey, 205 So.2d 514 (Miss. 1967); Annotation, Adulterous Wife's Right to Permanent Alimony, 86 A.L.R.3rd 97, 104 § 4 (1978 & Supp. 1991).

III.
The denial of alimony is arbitrary, unreasonable and constitutes an abuse of the chancellor's discretion. Linda's fault is not a complete bar to her receiving alimony so that at least she would not become destitute.
We reverse and remand with directions to the Chancery Court to award the former wife either lump sum or periodic alimony, or a combination of both, in its discretion, in an amount which will not leave her in a state of financial misfortune.
REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN and BANKS, JJ., concur.
DAN M. LEE, P.J., dissents without written opinion.