On May 31, 1990, Gary Wayne Benson sued Patricia Boyd Benson for divorce on the grounds of habitual cruel and inhuman treatment, constructive desertion, or on the alternative ground of irreconcilable differences. Patricia counterclaimed and sought a divorce on the grounds of habitual cruel and inhuman treatment, adultery, or irreconcilable differences. In the alternative, Patricia claims that she is entitled to separate maintenance.
At the close of Gary's case, Patricia moved for the court to dismiss his complaint and the motion was overruled.
After a five day trial, the chancellor denied both parties' requests for a divorce and awarded separate maintenance to Patricia.
Gary filed a motion for a new trial or, in the alternative, for the court to amend final judgment, and these motions were overruled.
On appeal, Gary assigns four errors:
1. It was error to deny Gary Benson a divorce on the grounds of constructive desertion or habitual cruel and inhuman treatment.
2. It was error to grant separate maintenance to Patricia Benson.
3. Even if granting separate maintenance was not error, the amount awarded was so excessive that it was an abuse of the trial court's discretion.
4. It was error to award attorney's fees to Patricia Benson.
 I. WAS IT ERRONEOUS AND AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE TO DENY GARY BENSON A DIVORCE ON THE GROUNDS OF CONSTRUCTIVE DESERTION OR HABITUAL CRUEL AND INHUMAN TREATMENT?
The standard of review for a denial of divorce in Mississippi is set forth in Chaffin v. Chaffin, 437 So.2d 384 (Miss. 1983). The chancellor's decree of divorce *Page 711 
will not be reversed unless it is manifestly wrong as to law or fact.
In denying Gary a divorce on the grounds of habitual cruel and inhuman treatment the chancellor held that Gary must have been placed in fear of his life, health, safety or limb.
Gary also alleges that his wife was guilty of constructive desertion and that the chancellor applied the incorrect legal standard in denying him a divorce on this ground. Gary argues that the correct standard is whether he was compelled to leave his home by his wife's conduct and not his own fear for his life, health, safety or limb.
To define constructive desertion, Gary relies on Criswell v.Criswell, 254 Miss. 746, 750, 182 So.2d 587 (1966), for its holding that a spouse's refusal to accept an unconditional, good-faith effort to reconcile constitutes constructive desertion. When Gary tried to return home after his separation from Patricia, she responded, "you're not coming back in this house."
Gary also argues that Patricia did not have to commit physical violence against him to be guilty of habitual, cruel and inhuman treatment, and that habitual ill-founded accusations, threats, and malicious sarcasm, insults, and verbal abuse may cause such mental sufferings as to destroy and endanger the life and health of an innocent spouse.
The Chancellor found that the problems in the Benson home were based primarily on the incompatibility of the parties and that is not a ground for divorce in Mississippi.
The Chancellor denied Gary's ground of constructive desertion because, "the Court finds that the testimony, the facts as set forth by the witnesses and Dr. Benson were insufficient to prove constructive desertion, which would be again that he was in fear of life, health, safety, or limb." The chancellor relied on Dayv. Day, 501 So.2d 353 (Miss. 1987), as the most factually on point case.
Gary testified that he had contemplated suicide because of the hopelessness of his marriage. Dr. King testified that the primary cause of Gary's depression was the "atmosphere of his home and the difficulty he had in maintaining what he considered to be a warm and close relationship with his wife."
The Chancellor appears to have based her decision on only a part of the standard set out in Day, and overlooked the issue of whether Patricia's conduct was extreme enough to render the continuance of this marriage unendurable. The doctrine of constructive desertion has been adopted by this Court in Griffinv. Griffin, 207 Miss. 500, 505, 42 So.2d 720, 722 (1949), and also in Day v. Day, 501 So.2d 353 (Miss. 1987), quotingBunkley Morse's Amis, Divorce and Separation in Mississippi, § 3.11(12) (1957), for this proposition:
 If either party, by reason of such conduct on the part of the other as would reasonably render the continuance of the marital relationship unendurable, or dangerous to life, health or safety, is compelled to leave the home and seek safety, peace and protection elsewhere, then the innocent one will ordinarily be justified in severing the marital relation and leaving the domicile of the other, so long as such conditions shall continue, and in such case the one so leaving will not be guilty of desertion. The one whose conduct caused the separation will be guilty of constructive desertion and if the condition is persisted in for a period of one year, the other party will be entitled to a divorce.
Day, 501 So.2d at 356.
Thus by the standard set out in Griffin, the chancellor was manifestly wrong in her application of Day to this case.
The Chancellor found that the separation was the result of incompatibility between Patricia and Gary and denied a divorce to either party. However, in not taking into account the complete standard from Day, the Chancellor's decision was manifestly wrong as to law and must be reversed and remanded for a determination of whether Gary sufficiently demonstrated that Patricia's conduct reasonably rendered the continuation of their marriage unendurable to *Page 712 
the point that he was forced to leave and seek peace and safety elsewhere.
While we affirm the chancellor in her refusal to grant a divorce on the ground of habitual cruel and inhuman treatment, we reverse and remand this case on the ground of constructive desertion.
As the matter of divorce is now again before the Chancery Court of the First Judicial District of Hinds County, Mississippi, the award of separate maintenance was improper and it is reversed and rendered. It is therefore unnecessary for us to consider assignments of error II and III.
 IV. WAS IT ERROR TO AWARD ATTORNEY'S FEES TO PATRICIA BENSON?
It is well settled in Mississippi that if a party is financially able to pay an attorney, an award of attorney's fees is not appropriate. See Martin v. Martin, 566 So.2d 704, 707 (Miss. 1990). Furthermore, if the record is insufficient to demonstrate the wife's inability to pay the attorney's fees, then an award of the fees is an abuse of discretion. Jones v. Starr,586 So.2d 788, 792 (Miss. 1991).
The Chancellor awarded attorney's fees in the amount of $5,000.00 to Patricia, which took into consideration "the relative worth of the parties, and that both parties were unsuccessful in their primary claims for a divorce."
The Chancellor held that the relative worth of the parties was considered in making the award to Patricia, but the record does not reflect whether Patricia was unable to pay her own attorney fees.
Under the circumstances present in this case, the award of attorney's fees was an abuse of discretion and that part of the judgment is reversed and rendered in favor of Gary Benson.
Judgment denying divorce on the ground of constructive desertion is reversed and remanded for a trial on the issue of whether Patricia's conduct rendered the continuation of the marriage unendurable. Judgment denying divorce on the grounds of habitual cruel and inhuman treatment is affirmed. Judgment granting separate maintenance to Patricia is reversed and rendered. Judgment awarding attorney's fees in the amount of $5,000.00 to Patricia is reversed and rendered.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART; REVERSED AND RENDERED IN PART.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER; PITTMAN, BANKS, McRAE and ROBERTS, JJ., concur. *Page 1111