JAMES L. ROBERTS, Jr., Justice,
for the Court:
In November of 1991, after thirty-two years of marriage to Jimmy E. Polk, Bertie Sue Polk (“Sue”) was granted a divorce from him on grounds of adultery and habitual cruel and inhuman treatment. In April of 1992, a hearing was held in the Forrest County Chancery Court to determine questions of property division and alimony.
The chancellor heard testimony from Sue and Jimmy concerning their twenty-seven acre farm, cattle, joint checking and savings accounts, retirement accounts, taxes, insurance policies, and stock. Sue testified that her monthly expenses were $993.00, and that she was retired, with a “severe” back problem that prevented her from working steadily. She requested $1500.00 per month alimony. Jimmy, who sold life insurance for State Farm, testified that his 1991 income had been $27,000, a decrease from the previous year.
On May 14, 1992, the chancellor ordered that the Polk’s home and farm be sold, with each party to receive one-half the proceeds. Sue was awarded personal property and furnishings, and Jimmy awarded all farm equipment. The chancellor held that Sue was entitled to all stock held in her name and *814 owned jointly with Jimmy. In all, Sue retained approximately $57,300-$77,300 in stocks and various accounts. Jimmy retained approximately $49,100 — $50,100 in retirement accounts, plus cattle worth $2500. Jimmy was ordered to pay Sue periodic alimony in the amount of $125.00 per month. Sue appealed, alleging the following error:
THE AWARD IN THE LOWER COURT OF $125.00 PER MONTH AS PERMANENT ALIMONY IS NOT A REASONABLE AMOUNT OF ALIMONY COMMENSURABLE WITH APPELLANT’S STANDARD OF LIVING AND HER HUSBAND’S ABILITY TO PAY AND HER CONTRIBUTIONS TOWARD THE MARRIAGE: THEREFORE, THE CASE SHOULD BE REMANDED TO THE LOWER COURT FOR AN AWARD OF AN INCREASE IN PERMANENT ALIMONY.
In determining an award of alimony, the chancellor is directed to consider the following factors:
1. The income and expenses of the parties; 2. the health and earning capacities of the parties; 3. the needs of each party; 4. the obligations and assets of each party; 5. the length of the marriage; 6. the presence or absence of minor children in the home; 7. the age of the parties; 8. the standard of living of the parties, both during the marriage and at the time of the support determination; 9. the tax consequences of the spousal support order; 10. fault or misconduct; 11. wasteful dissipation of assets by either party; or 12. any other factor deemed by the court to be “just and equitable” in connection with the setting of spousal support.
Armstrong v. Armstrong, 618 So.2d 1278, 1280 (Miss.1993), citing Hammonds v. Hammonds, 597 So.2d 653, 655 (Miss.1992).
Alimony awards are within the discretion of the chancellor; this Court will not reverse an award on appeal absent manifest error or abuse of discretion. McEachern v. McEachern, 605 So.2d 809, 814 (Miss.1992); Cherry v. Cherry, 593 So.2d 13, 19 (Miss.1991); Powers v. Powers, 568 So.2d 255, 257 (Miss.1990). In the case of a claimed inadequacy or outright denial of alimony, we will interfere only where the decision is seen as so oppressive, unjust or grossly inadequate as to evidence an abuse of discretion. Armstrong v. Armstrong, supra; Smith v. Smith, 607 So.2d 122, 126 (Miss.1992).
There is no evidence that the chancellor faded to consider the proper factors, or otherwise abused his discretion. After a review of the record and briefs in this case, we find no merit under any error assigned on appeal and affirm. See Burkett v. State, 484 So.2d 1046 (Miss.1986); Smith v. State, 484 So.2d 364 (Miss.1986); and Morea v. State, 329 So.2d 527 (Miss.1976).
AFFIRMED.
HAWKINS, C.J., PRATHER, P.J., and SULLIVAN, McRAE and SMITH, JJ., concur.
PITTMAN, J., dissents with separate written opinion joined by BANKS, J.
DAN M. LEE, P.J., not participating.