CHANDLER, J.,
for the Court.
¶ 1. Melvin Lawton and Shirley Ann Lawton were granted a divorce on June 23, 2003. In this judgment, Mr. Lawton was ordered to pay Mrs. Lawton $500 per month in periodic alimony, and an additional $350 per month in rehabilitative alimony for a period of twenty-four months. *725 Mr. Lawton was also ordered to pay Mrs. Lawton’s attorney’s fees in the amount of $2,500. Mr. Lawton appeals, raising the following issues:
I. WHETHER THE CHANCELLOR ERRED IN AWARDING ALIMONY WHEN MRS. LAWTON ALLEGEDLY FAILED TO CONTRIBUTE TO THE MARRIAGE AND SQUANDERED HER EARNINGS ON CIGARETTES AND PLAYING BINGO
II. WHETHER MR. LAWTON SHOULD BE REQUIRED TO PAY MRS. LAWTON’S ATTORNEY’S FEES
¶ 2. Finding no error, we affirm.

FACTS

¶ 3. Mehdn Lawton and Shirley Ann Lawton were married on September 23, 1994, and separated on February 1, 2001. The parties have one child, who was born on November 6, 1983. This child does not depend on either parent for financial support. The parties were granted a divorce on June 23, 2003, on the grounds of irreconcilable differences.
¶ 4. Mr. Lawton believes that Mrs. Law-ton was not a loving or devoted wife. He complains that Mrs. Lawton did not do any cooking or cleaning or any other household chores. He also claims that Mrs. Lawton failed to offer him basic companionship during the marriage because she never went to church with him or took part in family outings together except when it was to her advantage. Mrs. Lawton disputed the extent of her domestic contributions and maintained that she did do her share of cooking, washing, and grocery shopping. Mrs. Lawton’s mother and the parties’ daughter corroborated that Mrs. Lawton did contribute to the domestic requirements of the household. The chancellor found that Mrs. Lawton did contribute to the marriage, but Mr. Lawton performed a majority of the domestic duties.
¶ 5. There was also testimony that Mrs. Lawton made no financial contributions to the marriage. Mrs. Lawton testified that Mr. Lawton paid for everything during the marriage. Mr. Lawton testified that she contributed very little to the marriage, spending all her money on bingo and cigarettes. Mr. Lawton repeatedly asked Mrs. Lawton to pay the bills, but she refused to help him. The chancellor also heard testimony that Mrs. Lawton spent approximately $240 per month playing bingo, and approximately $100 per month on cigarettes. Mr. Lawton left his home out of despair of his wife’s refusal to assist him with the household bills and expenses.
¶ 6. At the time the divorce was granted, Mr. Lawton’s gross monthly income was $3,296.40. Mrs. Lawton’s gross monthly income as a cashier at the American Thrift Store was approximately $670[1] with declared monthly expenses to be $1,870. The chancellor found that Mrs. Lawton’s income together with her share of the equitable division of property was insufficient to provide adequate support for her. After considering all the evidence, together with the fact that Mrs. Lawton does not work full time and spends an average amount of $240 per month playing bingo, the chancellor ordered Mr. Lawton to pay spousal support. The chancellor directed Mr. Lawton to pay $500 per month. Mr. Lawton was also required to pay an additional $350 per month in periodic rehabilitative alimony for a period of twenty-four months. The chancellor also ordered Mr. *726 Lawton to pay all the marital debt, in the approximate amount of $20,000. Mr. Law-ton agreed to this arrangement in lieu of having to pay Mrs. Lawton any portion of his retirement benefits.
¶ 7. With regard to Mrs. Lawton’s request for attorney’s fees, the chancellor found that Mrs. Lawton was without means to pay her attorney. The chancellor reviewed Mrs. Lawton’s attorney’s statement for legal fees and found the request for fees to be reasonable. Mr. Lawton was to pay attorney’s fees in the amount of $2,500.
I. WHETHER THE CHANCELLOR ERRED IN AWARDING ALIMONY WHEN MRS. LAWTON ALLEGEDLY FAILED TO CONTRIBUTE TO THE MARRIAGE AND SQUANDERED HER EARNINGS ON CIGARETTES AND PLAYING BINGO
¶8. In establishing Mrs. Lawton’s need for alimony, the chancellor applied the factors set forth in Armstrong v. Armstrong, 618 So.2d 1278 (Miss.1993). In deciding that Mrs. Lawton was in need of alimony, the chancellor considered and discussed every Armstrong factor. These factors include: (1) the income and expenses of the parties; (2) the health and earning capacities of the parties; (3) the needs of each party; (4) the obligations and assets of each party; (5) the length of the marriage; (6) the presence or absence of minor children in the home; (7) the age of the parties; (8) the standard of living of the parties; (9) the tax consequences of the support decree; (10) fault or misconduct; (11) wasteful dissipation of assets by either party; and (12) any other factor deemed to be fair and equitable. Id. at 1280.
¶ 9. Our scope of review of an alimony award is limited. Alimony awards are within the discretion of the chancellor, and we are unable to reverse his award of alimony unless the chancellor was manifestly in error in his finding of fact and abused his discretion. Ethridge v. Ethridge, 648 So.2d 1143, 1145-46 (Miss.1995). This Court will not disturb a chancellor’s ruling if the findings of fact are supported by credible evidence in the record. Hammett v. Woods, 602 So.2d 825, 827 (Miss.1992) (citing Clark v. Myrick, 523 So.2d 79, 80 (Miss.1988)). We find no abuse of discretion in this case.
¶ 10. Mr. Lawton takes the position that he should not be required to pay alimony because Mrs. Lawton’s bingo spendings of $240 per month, together with her spending on cigarettes of $100 per month, is evidence of wasteful dissipation of assets. These expenditures are wasteful especially in light of Mrs. Law-ton’s meager income as a cashier, argues Mr. Lawton. We hold that the chancellor was not manifestly in error in awarding alimony. Mrs. Lawton testified that she would and could stop playing bingo, and that she could try to stop smoking cigarettes but would not be able to stop immediately. Mrs. Lawton stated in court that she does not ask Mr. Lawton to pay for her habits.
¶ 11. In granting an award of alimony, the chancellor is to consider the reasonable needs of Mrs. Lawton together with Mr. Lawton’s right to lead a normal life with a decent standard of living. Brennan v. Brennan, 638 So.2d 1320, 1324 (Miss.1994) (citing McEachern v. McEachern, 605 So.2d 809, 813 (Miss.1992)). We find that the alimony Mr. Lawton was ordered to pay meets only the reasonable needs of Mrs. Lawton and barely allows Mrs. Law-ton to pay her living expenses. Mrs. Law-ton’s current monthly expenses are difficult to determine, but we find no evidence that Mrs. Lawton is living extravagantly *727 or wasting Mr. Lawton’s alimony checks. At the time of the hearing, her stated monthly expenses totaled $1,870.56, but this amount included a mortgage payment of $777.56 on the marital house the chancellor ordered to be sold after the divorce. This statement included a modest $50 for entertainment. Mrs. Lawton currently has rent payments of some sort, but we do not know how much rent she pays because she is without funds to employ counsel for this appeal and has submitted no brief to this Court. According to her testimony at the hearing, an apartment would cost her about $450 per month. Her health insurance costs are higher than she anticipated at the time she filed her monthly statement of expenses; the chancellor ordered Mrs. Lawton to secure health insurance from Mr. Lawton’s employer at a cost of $376.11 per month. This amount is greater than the $100 per month she anticipated to pay for health insurance. While her monthly expenses are near the $1,870 she anticipated at the time she filed her monthly statement of expenses, her monthly income totals approximately $1,450. This amount includes approximately $600 in wages (after-tax), $500 in permanent alimony, and $350 in temporary alimony. We find no evidence that Mr. Lawton is financing his ex-wife’s bingo habits or helping Mrs. Lawton pay for anything other than her basic needs.
¶ 12. Mr. Lawton also believes he is not required to pay alimony because Mrs. Lawton did not prove to be a loving and devoted wife. In other words, he refuses to pay alimony because he believes his ex-wife was at fault in producing the divorce. The chancellor, while recognizing that fault is a factor a court considers in awarding alimony, decided not to evaluate the parties’ fault because the parties agreed to the divorce on the grounds of irreconcilable differences. The chancellor was in error in deciding that fault should not be considered in determining an award of alimony. “Allowing evidence of fault in an alimony determination is a factor specifically listed in Armstrong. Nothing in that case indicates such a factor may only be considered in a fault-based divorce.” Driste v. Driste, 738 So.2d 763, 765(¶8) (Miss.Ct.App.1998).
¶ 13. Even though the court did not properly consider fault as a factor in awarding alimony, we find that the chancellor’s decision to award alimony to Mrs. Lawton should be affirmed. The only grounds of fault Mr. Lawton has raised are Mrs. Lawton’s bingo and smoking habits, and her failure to contribute to the marriage. There is no evidence of any other marital misconduct by either party. Although Mississippi law has not clearly defined what type of marital misconduct constitutes fault, there was no evidence in this case to support a finding of fault. Accordingly, we must affirm. The chancellor held that Mrs. Lawton contributed to the marriage, and we decline to find that Mrs. Lawton showed any grounds of fault for allowing Mr. Lawton to make most of the financial and domestic contributions to the marriage.
¶ 14. With respect to Mrs. Law-ton’s bingo and smoking habits, the chancellor addressed them when he considered the “wasteful dissipation of assets” prong of the Armstrong test. The chancellor accordingly reduced the level of support Mr. Lawton had to pay. In the chancellor’s temporary order of separation, the chancellor ordered Mr. Lawton to pay $1,000 per month to Mrs. Lawton and pay the mortgage on the marital home, in which Mrs. Lawton was living. In the final judgment of divorce, the chancellor ordered Mr. Lawton to pay only $850 per month with no obligations to pay Mrs. Lawton’s rent. An award of alimony is *728 appropriate to prevent a wife from becoming destitute. Graham v. Graham, 767 So.2d 277, 280(¶ 10) (Miss.Ct.App.2000) (citing Hammonds v. Hammonds, 597 So.2d 653, 654 (Miss.1992)). In this case, Mrs. Lawton is a fifty-year-old woman with a high school education who has never held a job that pays more than $6.50 per hour. To deny alimony, or to reduce the current award, would render her destitute.
¶ 15. To support the argument that he does not have to pay alimony, Mr. Lawton relies upon Richard v. Richard, 711 So.2d 884 (Miss.1998). The case in Richard is distinguishable from the case at hand. In Richard, the Mississippi Supreme Court affirmed a chancellor’s ruling to deny alimony to the wife because it recognized that a chancellor’s decision to grant or not to grant alimony should be affirmed unless it- was manifestly in error. Id. at 891(¶ 26). Likewise, we shall affirm this chancellor’s judgment because we are unable to find his judgment to be manifestly erroneous. Moreover, we find that Richard is not analogous to this case because the wife in Richard demonstrated reprehensible conduct that Mrs. Lawton has not exhibited. Unlike Mrs. Lawton, Mrs. Richard refused to get a job while forcing her husband to get a second job, was physically abusive to her husband, accused her husband of committing adultery and child molestation, and would not take the children to the doctor when they were ill. Id. at 887-88. This error is without merit.
II. WHETHER MR. LAWTON SHOULD BE REQUIRED TO PAY MRS. LAWTON’S ATTORNEY’S FEES
¶ 16. As a general proposition, the award of attorney’s fees in divorce cases is left to the discretion of the chancery court. Cheatham v. Cheatham, 537 So.2d 435, 440 (Miss.1988) (citing Holleman v. Holleman, 527 So.2d 90, 95 (Miss.1988); Carpenter v. Carpenter, 519 So.2d 891, 895 (Miss.1988); McKee v. McKee, 418 So.2d 764, 767 (Miss.1982)). Unless the chancellor abused his discretion or is manifestly wrong, his decision regarding attorney fees will not be disturbed on appeal Trunzler v. Trunzler, 431 So.2d 1115, 1116 (Miss.1983). Unless a party can establish an inability to pay, attorney’s fees should not be awarded. Brooks v. Brooks, 652 So.2d 1113, 1120 (Miss.1995); Creekmore v. Creekmore, 651 So.2d 513, 520 (Miss.1995); Jones v. Starr, 586 So.2d 788, 792 (Miss.1991). However, where the record shows an inability to pay and a disparity in the relative financial positions of the parties, this Court will find no error. Brooks, 652 So.2d at 1120.
¶ 17. Mr. Lawton asserts that Mrs. Lawton has failed to establish her inability to pay her legal bills. If Mrs. Lawton can spend money to finance her costly vices, argues Mr. Lawton, she can certainly afford to pay her own attorney. We disagree with Mr. Lawton’s position and find that Mrs. Lawton has established her inability to pay her own attorney. In Dunn v. Dunn, 609 So.2d 1277, 1287 (Miss.1992), the Mississippi Supreme Court affirmed the chancellor’s decision to award a wife’s attorney’s fees. This affirmance was based on the fact that the wife had no assets other than a $2,900 IRA and a $1,600 savings account, and based on her income and expenses, would not even be able to make partial payments to her attorney. Id. Similarly, Mrs. Lawton testified that she had no bank account or savings account at the time of the divorce; she has no family who could provide her with financial support; she had depended on Mr. Lawton for financial support throughout the marriage; and her monthly income barely meets her stated monthly expenses even with Mr. Lawton’s monthly alimony payments. Mrs. Lawton has not *729 even been able to afford an attorney to represent her for this appeal. Mr. Law-ton’s argument is without merit.
¶ 18. THE JUDGMENT OF THE CHANCERY COURT OF HARRISON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, GRIFFIS, BARNES AND ISHEE, JJ„ CONCUR.

. At the time of the divorce, Mrs. Lawton made $5.75 per hour and worked approximately 30 hours per week. As an employee paid by the hour, her income varies slightly and her monthly salary is an approximate amount.